# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MARTIN LUTHER TEXADA** | **CIVIL ACTION NO. 07-0530** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 8, 2007[1] by *pro se* petitioner Martin Luther Texada.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana where he is serving sentences totaling 315 years imposed following his 1998 convictions for attempted first degree murder, conspiracy to commit first degree murder, distribution of cocaine to a person under the age of 18, solicitation of a minor to distribute cocaine and committing acts in association with a street gang, entered in the Twenty-Seventh Judicial District Court for St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1]The undersigned has given petitioner the benefit of the "mailbox" rule.  Petitioner signed the petition on March 8, 2007.  That  is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988);  *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v.  Lack* for *habeas corpus* petitions.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

On November 18, 1998, petitioner was convicted of two counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of distribution of cocaine to a minor, one count of soliciting a minor to distribute cocaine and five charges of committing acts in association with a street gang.  On January 29, 1999, sentences totaling 315 years were imposed. Petitioner's *pro se* Motion to Reconsider was denied on February 17, 1999.

Petitioner's convictions and sentences were affirmed by the Third Circuit Court of Appeal on February 2, 2000. *State of Louisiana v. Martin Luther Texada*, 1999-1009 (La. App. 3 Cir. 2/2/2000), 756 So.2d 463.  Petitioner's writ application was denied by the Louisiana Supreme Court on June 29, 2001. *State of Louisiana ex rel. Martin Luther Texada v. State of Louisiana*, 2000-2751 (La. 6/29/2001).  Petitioner did not seek further direct review in the United States Supreme Court.

Petitioner retained post-conviction counsel who filed an application for post-conviction relief in the Twenty-Seventh Judicial District Court on July 15, 2003. [doc. 1-3, p. 9]. On July 30, 2004, the court determined that petitioner's application was deficient and directed petitioner to amend. On August 20, 2004, petitioner re-filed his amended

2

Application for Post-Conviction Relief.  Following a hearing on May 31, 2005,

petitioner's post-conviction application was denied. Petitioner sought review in the Third

Circuit Court of Appeals which, on March 23, 2006, denied petitioner's request for

review because his post-conviction application had been untimely filed. [doc. 1-3, p. 9].

Petitioner sought further review in the Louisiana Supreme Court. On November 22, 2006,

the Louisiana Supreme Court also denied petitioner's request for review, citing Louisiana

Code of Civil Procedure article 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95),

660 So.2d 1189 and *State ex rel. Hall v. State*, 99-0326 (La. 9/24/99), 871 So.2d 1071 as

the basis for its decision. *See State of Louisiana v. Martin Luther Texada*, 2006-0955 (La.

11/22/2006), 942 So.2d 546.

Petitioner filed the instant petition for federal writ of *habeas corpus* on March 8,

2007. He argues five claims for relief: (1) insufficiency of evidence; (2) excessiveness of

sentence; (3) improper use of "other crimes evidence;" (4) ineffective assistance of trial

counsel; and, (5) conflict of interest.

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of

AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th

Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320,

336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply  filing a state [court] petition ...." *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000)*; Magee v. Cain*, 2000 WL 1023423, *4

---

[2]Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

(E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Review of petitioner's conviction and sentence  was denied by the Louisiana Supreme Court on June 29, 2001, and petitioner did not seek further direct review in the United States  Supreme Court.  Thus, petitioner's conviction became final after the delay for seeking direct review in the United States Supreme Court expired, that is, at the latest, September 27, 2001, ninety days after the Louisiana Supreme Court's denial of review on direct appeal.  *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003); *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003).

Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until September 27, 2002, to file for relief in this court.  Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2).  By his own admission, petitioner did not seek any state post-conviction relief until July 15, 2003, when his retained post-conviction counsel filed his state Application for Post-Conviction Relief.  However, by that date, the federal limitations period had already expired.  Once the limitation period imposed by 28 U.S.C. § 2244(d)(1) expired, it could not be revived by the filing of an application for relief in

state court.[3]  *See Villegas*, 184 F.3d 467, citing *Flanagan* , 154 F.3d at 197; *Bogan*, 55 F.Supp.2d at 600; *Sorce,* 73 F.Supp.2d at 294; *Banford*, 2000 WL 1808491, at *2; *Williams*, 2000 WL 863132, at *2*; Magee*, 2000 WL 1023423, at *4; *Anderson,* 2005 WL 2304484, at *2 *Jones,* 2005 WL 2304484, at *2.*  Petitioner's post-conviction application did not restart the limitation period which had already properly commenced, at the latest, on September 27, 2001 and expired on September 27, 2002.  *Salinas, supra.*

Petitioner is also unable to rely upon the doctrine of equitable tolling  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing.  Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 citing *Fisher*, 174 F.3d at 714.  *See also Coleman,* 184

---

[3]Moreover, even if the one year period had not lapsed, because the Motion was not timely filed in the Louisiana state courts, the Motion could not toll the limitation period because the pleading cannot be deemed "properly filed"  within the meaning of the statutory tolling provision.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

F.3d at 402.  Moreover, even attorney error or neglect, such as is implied herein,  is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel.  *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief.  Here, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts until after the federal one-year limitation period had expired.  As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights."  *Coleman,* 184 F.3d at 402 citing  *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within ten (10) days after being served with a

copy of any objections or response to the District judge at the time of filing.

   **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

   **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, May 16, 2007.


C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE