# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MARTIN LUTHER TEXADA** | **CIVIL ACTION NO. 07-0530** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 8, 2007[1] by *pro se* petitioner Martin Luther Texada. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 1998 convictions for attempted first degree murder, conspiracy to commit first degree murder, distribution of cocaine to a person under the age of 18, solicitation of a minor to distribute cocaine and committing acts in association with a street gang, entered in the Twenty-Seventh Judicial District Court for St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] The undersigned has given petitioner the benefit of the "mailbox" rule. Petitioner signed the petition on March 8, 2007. That is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

For the following reasons, it is recommended that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively, that petitioner's claims be **DENIED** and **DISMISSED** with prejudice because they are procedurally defaulted.

## STATEMENT OF THE CASE

On November 18, 1998, petitioner was convicted of two counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of distribution of cocaine to a minor, one count of soliciting a minor to distribute cocaine and five counts of committing acts in association with a street gang. On January 29, 1999, sentences totaling 315 years were imposed. Petitioner's *pro se* Motion to Reconsider was denied on February 17, 1999.

Petitioner's convictions and sentences were affirmed by the Third Circuit Court of Appeal on February 2, 2000. *State of Louisiana v. Martin Luther Texada*, 1999-1009 (La. App. 3 Cir. 2/2/2000), 756 So.2d 463 (unpublished); [doc. 20, pp. 2-35]. On direct appeal, petitioner raised three claims: (1) insufficiency of evidence; (2) excessiveness of sentence; (3) and improper denial of a mistrial based on erroneous admission of "other crimes" evidence.

On September 20, 2000, petitioner filed a *pro se* writ application in the Louisiana Supreme Court. [doc. 20-2, pp. 1-25].[2] Petitioner's writ application was denied by the Louisiana Supreme Court on June 29, 2001 without comment. *State of Louisiana ex rel. Martin Luther Texada v. State of Louisiana*, 2000-2751 (La. 6/29/2001), 794 So.2d 824. [doc. 20-2, p. 26]. Petitioner did not seek further direct review in the United States Supreme Court.

On October 4, 2001, petitioner's mother retained attorney Richard A. Spears to represent petitioner as post-conviction counsel. [doc. 20-4, pp. 33-34].[3]

On July 15, 2003, Spears filed an application for post-conviction relief on petitioner's behalf in the Twenty-Seventh Judicial District Court. [doc. 20-2, pp. 27-29]. On July 30, 2004, the court determined that petitioner's application was deficient and the application was returned to petitioner through his counsel of record, Mr. Spears. [doc. 20-2, pp. 30-31]. On August 20, 2004, petitioner re-filed his Application for Post-Conviction Relief, without the assistance of counsel. [doc. 20-2, pp. 32-39; doc. 20-3, pp. 1-20]. On

---

[2] Petitioner was directed to supply a dated copy of his writ application. [doc. 19]. The document he submitted is date-stamped as received on October 4, 2000 by the Clerk of the Louisiana Supreme Court. [doc. 20-2, p. 1]. Petitioner submitted a copy of the envelope used to mail the undated writ application to the Louisiana Supreme Court. The United States Postal Service post-mark indicates that the document was mailed from the Louisiana State Penitentiary on September 20, 2000. [doc. 20-2, p. 25]. Under the "mailbox rule," this pleading is deemed to have been filed on that date. *See* fn. 1, *supra*.

[3] Petitioner was directed to provide " [a] dated copy of the contract entered into between petitioner and/or his mother and Attorney Richard A. Spears, wherein Spears was allegedly retained to act as petitioner's post-conviction counsel." [doc. 19]. In response to the directive, petitioner provided a copy of Spears' Client Ledger on behalf of Martin Texada for a "post-conviction" matter to be handled by Spears. The Ledger shows an opening date of October 4, 2001. [doc. 20-4, p. 33, Exhibit A]. Petitioner also provided a copy of the promissory note and receipt dated October 4, 2001, and executed by petitioner's mother, Shirley Jones.

April 8, 2005 and May 31, 2005, petitioner filed counseled amended applications. [doc. 20-2, pp. 40-43]. On July 27, 2005, the District Court denied relief. [doc. 20-3, pp. 23-31]. Petitioner raised the following claims in post-conviction proceedings: (1) that he received ineffective assistance of counsel; and (2) that his counsel had a conflict of interest.[4]

On November 21, 2005, petitioner submitted a counseled application for writs to the Third Circuit Court of Appeals. [doc. 20-3, pp.32-56]. On March 23, 2006, the Third Circuit denied petitioner's request for review, finding that petitioner's post-conviction application had been untimely filed. *State of Louisiana v. Martin Luther Texada*, No. KW 05-01446 (La. App. 3rd Cir. 3/23/06) (unpublished); [doc. 20-3, p. 57].

On April 24, 2006, petitioner, again represented by Mr. Spears, sought further review in the Louisiana Supreme Court. [doc. 20-4, pp. 1-10]. On November 22, 2006, the Louisiana Supreme Court also denied petitioner's request for review, citing Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, and *State ex rel. Hall v. State*, 99-0326 (La. 9/24/99), 871 So.2d 1071 as the basis for its decision. *State of Louisiana v. Martin Luther Texada*, 2006-0955 (La. 11/22/2006), 942 So.2d 546; [doc. 20-4, p. 35].

Petitioner filed the instant petition for federal writ of *habeas corpus* on March 8, 2007. He argues five claims for relief: (1) insufficiency of evidence; (2) excessiveness of

---

[4]Petitioner also raised a claim that the prosecutor employed improper methods to obtain a wrongful conviction. However, that claim is not before this court.

sentence; (3) improper denial of a mistrial based on erroneous use of "other crimes" evidence; (4) ineffective assistance of trial counsel; and (5) that his attorney had a conflict of interest.

On May 16, 2007, the undersigned recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. § 2244(d).[5] [doc. 2]. Petitioner objected to the Report and Recommendation and offered evidence suggesting that he was entitled to the benefit of equitable tolling because he was misled by his retained post-conviction counsel. [doc. 4, doc. 6].[6] Judge Melançon rejected petitioner's objection and rendered judgment dismissing the petition as time-barred. [docs. 3, 5, 9].

Petitioner appealed to the United States Fifth Circuit Court of Appeals. On February 13, 2008, the Fifth Circuit determined that dismissal was inappropriate because petitioner may have been entitled to the benefit of equitable tolling. This determination

---

[5] The undersigned concluded that petitioner's judgment of conviction became final by the expiration of the time for seeking further direct review, on or about September 27, 2001, ninety days after June 29, 2001, the day the Louisiana Supreme Court denied writs on direct review. *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn.3 (2003). Accordingly, the undersigned concluded that petitioner had one year, or until September 27, 2002, within which to file his federal *habeas* petition. The undersigned concluded that petitioner could not rely on the tolling provisions of 28 U.S.C. § 2244(d)(2) because by the time he filed his application for post-conviction relief on July 15, 2003, the limitations period had already expired. Finally, citing *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002), the undersigned concluded that petitioner was not entitled to equitable tolling based on attorney error or neglect. [doc. 2].

[6] Petitioner provided copies of letters from attorney Spears dated October 7, 2006 and December 18, 2006. The former advised petitioner that the AEDPA limitations period was tolled during the pendency of his state post-conviction litigation. The latter advised that State post-conviction litigation had ended with the Supreme Court's denial of writs, and that Spears would file a federal writ on petitioner's behalf. Petitioner also included correspondence to and from the Clerk of this court which confirmed that as of February 22, 2007, nothing had been filed on petitioner's behalf in this court. [doc. 6, pp. 11-17].

was based on evidence which suggested that petitioner's retained post-conviction counsel "actively misled him into believing that a federal habeas application had been timely filed on his behalf." The court noted that petitioner "averred that his attorney began to mislead him 'in 2001' before his state *habeas* application had been filed or his federal limitations period had run, and he supported that claim with evidence attached to his pleadings." This court's judgment was vacated and the matter was remanded. *Texada v. Cain*, 07-30601 (5th Cir. 2/13/08) (unpublished); [doc. 18].

On May 13, 2008, the undersigned directed petitioner to amend his pleadings to provide additional information needed to complete another initial review. [doc. 19]. On June 12, 2008, petitioner complied and provided the documents requested. [doc. 20]. This Report and Recommendation follows.

## LAW AND ANALYSIS

**I. Untimeliness of the Petition**

As previously noted, this petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 *citing Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in

custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[7]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 472 *citing Flanagan v. Johnson*, 154 F.3d 196, 199, fn. 1 (5th Cir.1998); *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition . . . ." *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The undersigned previously concluded that petitioner's federal *habeas corpus* petition was time-barred based on the fact that more than one year had elapsed between

---

[7] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

the date petitioner's judgment of conviction became final by the expiration of the time for seeking further direct review in the United States Supreme Court and the time petitioner filed an application for post-conviction relief in the state court. In so doing, the undersigned assumed that petitioner's application for writs in the Louisiana Supreme Court on direct appeal was timely filed. It appears, however, that this assumption was incorrect.

The available evidence now establishes that petitioner's judgment of conviction became final at a point in time much earlier than had originally been determined. As noted above, the Third Circuit Court of Appeals affirmed petitioner's conviction on February 2, 2000. *State of Louisiana v. Martin Luther Texada*, 1999-1009 (La. App. 3 Cir. 2/2/2000), 756 So.2d 463; [doc. 20, pp. 2-35]. In the absence of evidence to the contrary, it is presumed that the court complied with its own rules and mailed Notice of Judgment on that same date. *See* Uniform Rules, Courts of Appeal, Rules 2-16.4. Pursuant to Louisiana Supreme Court Rule X, § 5(a), petitioner had a period of 30 days from the date that Notice of Judgment was mailed within which to seek further direct review in the Louisiana Supreme Court. Petitioner, however, did not file his application for writs until September 20, 2000 [doc. 20-2, pp. 1-25], and by that time, the 30 day period, which began to run on February 2, 2000, had long expired. Thus, for AEDPA purposes, petitioner's judgment of conviction and sentence became final at the expiration of the time for seeking further direct review when the 30 day period provided by Rule X,

§ 5(a) expired, that is, on March 3, 2000. *See Butler v. Cain*, 533 F.3d. 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [Petitioner's] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's . . . decision, challenge that decision in the state Supreme Court."). Petitioner therefore had one year, or until March 5, 2001, to file his federal petition for writ of *habeas corpus*.[8]

As was previously found, petitioner is unable to avail himself of statutory tolling as provided by § 2244(d)(2) because his application for state post-conviction relief was not filed until, at the earliest, July 15, 2003, and by that time, the AEDPA limitations period had already expired.

Nor may petitioner rely on equitable tolling. The evidence submitted by the petitioner reveals that he did not retain the services of Mr. Spears until October 4, 2001. [doc. 20-4, pp. 33-34]. By that time, his AEDPA limitations period had expired and therefore, Spears's subsequent allegedly erroneous and/or misleading information had no

---

[8]March 3, 2001 was a Saturday. Therefore, petitioner had until the following Monday, March 5, 2001 to file his pleading.

effect on the timeliness of the instant petition.[9] *See Triplett v. King,* 250 Fed. Appx. 107, 108 (5th Cir. 2007) (unpublished), wherein the court noted that the petitioner retained post-conviction counsel after the AEDPA limitations period had expired and therefore, "any subsequent misrepresentation allegedly made by counsel . . . regarding whether counsel filed the § 2254 petition did not cause or contribute to the petition's untimeliness."

For the reasons set forth above, the instant petition, is clearly time-barred.

## II. Procedural Default

Even if the instant petition could be considered timely filed, the claims asserted herein cannot be reviewed by this court as they are procedurally defaulted. In light of the procedural history set forth above, it is clear that petitioner has not properly exhausted his first, second or third claims for relief (that there was insufficient evidence to support his convictions, that his sentences were excessive and that the trial court improperly denied a

---

[9]The undersigned is also compelled to note that petitioner's argument is contrary to the United States Supreme Court's decision in *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007), a decision rendered after the *Wynn* decision relied on by the Fifth Circuit in remanding this case. In *Lawrence,* the Court expressly rejected a similar claim of equitable tolling as follows:

> Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.

The undersigned fails to see any significant difference between Lawrence's assertion of attorney error in calculating a filing deadline as the basis for equitable tolling and petitioner's assertion that he was "actively mislead" by counsel about the filing deadline. In essence, Mr. Spears, like Lawrence's counsel, erred in calculating the federal one year limitation period; he was mistaken that the period had not already run when he filed for state post-conviction relief. The fact that he later advised petitioner of his erroneous belief is of no moment.

mistrial based on erroneous use of "other crimes" evidence) in the Louisiana state courts, and that those claims are now "technically" procedurally defaulted. Moreover, it is clear that petitioner's fourth and fifth claims for relief (that petitioner received ineffective assistance of counsel and that his counsel had a conflict of interest) are "traditionally" procedurally defaulted because the Louisiana Supreme Court declined to review the merits of these claims, citing Louisiana Code of Criminal Procedure article 930.8.[10]

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

This court is authorized to raise the issue of procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims. *Magouirk v.*

---

[10] Article 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief. The two-year period is determined from the date of finality of the judgment of conviction and sentence.

*Phillips*, 144 F.3d 348, 357-58 (5th Cir. 1998).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). Moreover, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk*, 144 F.3d at 360 *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel,* 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989). In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented

the substance of his claim in a procedurally correct manner to the Louisiana Supreme Court.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present them to the Louisiana courts and is thereafter time-barred from seeking relief in the Louisiana courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

As noted above, under Louisiana Supreme Court Rule X, § 5(a), petitioner had thirty days from the mailing of the Court of Appeals' decision on direct appeal within which to file his petition for *certiorari*.[11] Thus, the thirty day period expired on March 3, 2000. Petitioner's Louisiana Supreme Court writ application, however, was not filed until September 20, 2000, several months after the limitation period had expired. Hence, petitioner's claims remain unexhausted, and for purposes of federal *habeas corpus* review, because it is unlikely that petitioner can now meet the exhaustion requirement,

---

[11]Louisiana Supreme Court Rule X, §5(a) provides in pertinent part, "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the mailing of the notice of the original judgment of the court of appeal . . . No extension of time therefore will be granted."

these claims are "technically" procedurally defaulted. *See Wilder; O'Sullivan; Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue; and Fuller, supra.*

Because petitioner's claims are "technically" procedurally defaulted, this court may refuse to review the merits of these claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman*, *supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416; *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

Similarly, the record reveals that petitioner's fourth and fifth claims for relief, that he received ineffective assistance of counsel and that his counsel had a conflict of interest, are traditionally procedurally defaulted. The traditional procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In post-conviction proceedings, the Louisiana Supreme Court clearly and expressly relied on Article 930.8 to deny petitioner relief, and did not consider the merits of petitioner's claims. *State of Louisiana v. Martin Luther Texada*, 2006-0955 (La. 11/22/2006), 942 So.2d 546; [doc. 20-4, p. 35].

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. In such circumstances, the federal courts may look beyond the procedural default only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002).

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) *citing Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified in this case, Louisiana Code of Criminal Procedure article 930.8, satisfies both requirements. Review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke article 930.8 to decline review of untimely filed post-conviction pleadings. Moreover, the last reasoned judgment of the state court, that of the Louisiana Supreme Court, specifically relied on article 930.8 when it declined review of the merits of petitioner's claims. Finally, the Fifth Circuit has held that article 930.8 is an adequate and independent bar to federal *habeas* review. *Glover v. Cain,* 128 F.3d 900 (5th Cir. 1997).

When the procedural rule has been shown to be both adequate and independent, this court may refuse to review the merits of defaulted claims unless the petitioner demonstrates cause and prejudice for his default or that a complete miscarriage of justice will result if the merits of the claims are not considered. *Sykes*, 433 U.S. at 87-88.

In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted).

Petitioner has been given an opportunity to demonstrate cause and prejudice for his default.[12] [rec. doc. 19]. However, in response to this court's Order, petitioner has failed to set forth any reason which could arguably constitute cause for his default. [rec. doc. 20].

If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992). Accordingly, this court will not undertake this analysis.

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649; *Glover,* 128 F.3d at 904; *Ward,* 53 F.3d at 108; *Callins,* 89 F.3d at 213 *quoting McClesky,* 499 U.S. at 495,114 S.Ct. at 1471. To support such an exception, the petitioner must demonstrate that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

---

[12]The undersigned directed petitioner to submit a response "setting forth allegations which demonstrate that federal *habeas* review of [his] claims is not barred by the procedural default doctrine, e.g., facts demonstrating "cause and prejudice," a miscarriage of justice (actual innocence), or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. [rec. doc. 19].

In his response to this court's order, petitioner argues that alleged constitutional error made his trial fundamentally unfair. [doc. 20-5]. However, petitioner has not shown as a factual matter that he is actually innocent of the crimes of which he was convicted and, thus, he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims.[13] Therefore, petitioner cannot avoid procedural default on grounds of actual innocence.

For these reasons, the undersigned concludes that petitioner's claims are procedurally barred from federal *habeas* review. Accordingly, in the alternative, it is recommended that petitioner's claims should be denied and dismissed with prejudice because petitioner's claims are barred by the doctrine of procedural default.

**IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively, that petitioner's claims be **DENIED** and **DISMISSED** with prejudice because they are procedurally defaulted.

---

[13] Petitioner's allegations are not of the type or quality demanded by the jurisprudence. *See House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) citing *Schlup v. Delo*, 513 U.S. 298, 299, 324-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to show actual innocence a *habeas* petitioner must (1) present new reliable evidence, (whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); (2) that was not presented at trial; and (3) he must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt). Petitioner does not rely on scientific evidence, physical evidence or trustworthy eyewitness testimony. Further, it is apparent that the information relied on by the petitioner as "new", is not "new." To the contrary, all of the information relied on was either presented at the trial in one form or another, or was information available to the petitioner or his attorney.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 12th day of November, 2008.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE