**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **MARTIN LUTHER TEXADA** | **CIVIL ACTION NO. 07-0530** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 8, 2007[1] by *pro se* petitioner Martin Luther Texada. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 1998 convictions for attempted first degree murder, conspiracy to commit first degree murder, distribution of cocaine to a person under the age of 18, solicitation of a minor to distribute cocaine and committing acts in association with a street gang, entered in the Twenty-Seventh Judicial District Court for St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] The undersigned has given petitioner the benefit of the "mailbox" rule. Petitioner signed the petition on March 8, 2007. That is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

For the following reasons, it is recommended that petitioner's ineffective assistance of trial counsel claims and his claim that his attorney had a conflict of interest (claims 4 and 5 herein) be **DENIED** and **DISMISSED** with prejudice because they are procedurally defaulted. It is further recommended that petitioner's claims that there was insufficient evidence to support his convictions, that his sentence was excessive and that the state court improperly denied a mistrial based on erroneous admission of "other crimes" evidence (claims 1 through 3 herein) remain pending for further review.

## STATEMENT OF THE CASE

On November 18, 1998, petitioner was convicted of two counts of attempted first degree murder, one count of conspiracy to commit first degree murder, one count of distribution of cocaine to a minor, one count of soliciting a minor to distribute cocaine and five charges of committing acts in association with a street gang. On January 29, 1999, sentences totaling 315 years were imposed. Petitioner's *pro se* Motion to Reconsider was denied on February 17, 1999.

Petitioner's convictions and sentences were affirmed by the Third Circuit Court of Appeal on February 2, 2000. *State of Louisiana v. Martin Luther Texada*, 1999-1009 (La. App. 3 Cir. 2/2/2000), 756 So.2d 463 (unpublished); [doc. 20, pp. 2-35]. On direct appeal, petitioner raised three claims: (1) insufficiency of evidence; (2) excessiveness of sentence; (3) and improper denial of a mistrial based on erroneous admission of "other crimes" evidence.

On September 20, 2000, petitioner filed a *pro se* writ application in the Louisiana Supreme Court. [doc. 20-2, pp. 1-25].[2] Petitioner's writ application was denied by the Louisiana Supreme Court on June 29, 2001 without comment. *State of Louisiana ex rel. Martin Luther Texada v. State of Louisiana*, 2000-2751 (La. 6/29/2001), 794 So.2d 824. [doc. 20-2, p. 26]. Petitioner did not seek further direct review in the United States Supreme Court.

On October 4, 2001, petitioner's mother retained attorney Richard A. Spears to represent petitioner in post-conviction proceedings. [doc. 20-4, pp. 33-34].[3]

On July 15, 2003, Spears filed an application for post-conviction relief on petitioner's behalf in the Twenty-Seventh Judicial District Court. [doc. 20-2, pp. 27-29]. On July 30, 2004, the court determined that petitioner's application was deficient and the application was returned to petitioner through his counsel of record, Mr. Spears. [doc. 20-2, pp. 30-31]. On August 20, 2004, petitioner re-filed his Application for Post-Conviction Relief, without the assistance of counsel. [doc. 20-2, pp. 32-39; doc. 20-3, pp. 1-20]. On

---

[2] Petitioner was directed to supply a dated copy of his writ application. [doc. 19]. The document he submitted is date-stamped as received on October 4, 2000 by the Clerk of the Louisiana Supreme Court. [doc. 20-2, p. 1]. Petitioner submitted a copy of the envelope used to mail the undated writ application to the Louisiana Supreme Court. The United States Postal Service post-mark indicates that the document was mailed from the Louisiana State Penitentiary on September 20, 2000. [doc. 20-2, p. 25]. Under the "mailbox rule," this pleading is deemed to have been filed on that date. *See* fn. 1, *supra*.

[3] Petitioner was directed to provide " [a] dated copy of the contract entered into between petitioner and/or his mother and Attorney Richard A. Spears, wherein Spears was allegedly retained to act as petitioner's post-conviction counsel." [doc. 19]. In response to the directive, petitioner provided a copy of Spears' Client Ledger on behalf of Martin Texada for a "post-conviction" matter to be handled by Spears. The Ledger shows an opening date of October 4, 2001. [doc. 20-4, p. 33, Exhibit A]. Petitioner also provided a copy of the promissory note and receipt dated October 4, 2001, and executed by petitioner's mother, Shirley Jones.

April 8, 2005 and May 31, 2005, petitioner filed counseled amended applications. [doc. 20-2, pp. 40-43]. On July 27, 2005, the District Court denied relief. [doc. 20-3, pp. 23-31]. Petitioner raised the following claims in post-conviction proceedings: (1) that he received ineffective assistance of counsel; and (2) that his counsel had a conflict of interest.[4]

On November 21, 2005, petitioner submitted a counseled application for writs to the Third Circuit Court of Appeals. [doc. 20-3, pp.32-56]. On March 23, 2006, the Third Circuit denied petitioner's request for review finding that petitioner's post-conviction application had been untimely filed. *State of Louisiana v. Martin Luther Texada*, No. KW 05-01446 (La. App. 3rd Cir. 3/23/06) (unpublished); [doc. 20-3, p. 57].

On April 24, 2006, petitioner, again represented by Mr. Spears, sought further review in the Louisiana Supreme Court. [doc. 20-4, pp. 1-10]. On November 22, 2006, the Louisiana Supreme Court denied petitioner's request for review, citing Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, and *State ex rel. Hall v. State*, 99-0326 (La. 9/24/99), 871 So.2d 1071 as the basis for its decision. *State of Louisiana v. Martin Luther Texada*, 2006-0955 (La. 11/22/2006), 942 So.2d 546; [doc. 20-4, p. 35].

Petitioner filed the instant petition for federal writ of *habeas corpus* on March 8, 2007. He argues five claims for relief: (1) insufficiency of evidence; (2) excessiveness of

---

[4]Petitioner also raised a claim that the prosecutor employed improper methods to obtain a wrongful conviction. However, that claim is not before this court.

sentence; (3) improper denial of a mistrial based on erroneous use of "other crimes" evidence; (4) ineffective assistance of trial counsel; and (5) that his attorney had a conflict of interest.

On May 16, 2007, the undersigned recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d).[5] [doc. 2]. Petitioner objected to the Report and Recommendation and offered evidence suggesting that he was entitled to the benefit of equitable tolling because he was misled by his retained post-conviction counsel. [doc. 4, doc. 6].[6] Judge Melançon rejected petitioner's objection and rendered judgment dismissing the petition as time-barred. [docs. 3, 5, 9].

Petitioner appealed to the United States Fifth Circuit Court of Appeals. On February 13, 2008, the Fifth Circuit determined that dismissal was inappropriate because petitioner may have been entitled to the benefit of equitable tolling. This determination

---

[5] The undersigned concluded that petitioner's judgment of conviction became final by the expiration of the time for seeking further direct review, on or about September 27, 2001, ninety days after June 29, 2001, the day the Louisiana Supreme Court denied writs on direct review. *See* Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Clay v. United States*, 123 S.Ct. 1072, 1077 at fn.3 (2003). Accordingly, the undersigned concluded that petitioner had one year, or until September 27, 2002, within which to file his federal *habeas* petition. The undersigned concluded that petitioner could not rely on the tolling provisions of 28 U.S.C. § 2244(d)(2) because by the time he filed his application for post-conviction relief on July 15, 2003, the limitations period had already expired. Finally, citing *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002), the undersigned concluded that petitioner was not entitled to equitable tolling based on attorney error or neglect. [doc. 2].

[6] Petitioner provided copies of letters from attorney Spears dated October 7, 2006 and December 18, 2006. The former advised petitioner that the AEDPA limitations period was tolled during the pendency of his state post-conviction litigation. The latter advised that State post-conviction litigation had ended with the Supreme Court's denial of writs and, that Spears would file a federal writ on petitioner's behalf. Petitioner also included correspondence to and from the Clerk of this court which confirmed that as of February 22, 2007, nothing had been filed on petitioner's behalf in this court. [doc. 6, pp. 11-17].

was based on evidence which suggested that petitioner's retained post-conviction counsel "actively misled him into believing that a federal habeas application had been timely filed on his behalf." The court noted that petitioner "averred that his attorney began to mislead him 'in 2001' before his state habeas application had been filed or his federal limitations period had run, and he supported that claim with evidence attached to his pleadings." This court's judgment was vacated and the matter was remanded. *Texada v. Cain*, 07-30601 (5th Cir. 2/13/08) (unpublished). [doc. 18].

On May 13, 2008, the undersigned directed petitioner to amend his pleadings to provide additional information needed to complete another initial review. [doc. 19]. On June 12, 2008, petitioner complied and provided the documents requested. [doc. 20].

On November 12, 2008, the undersigned again recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. § 2244(d). This determination was based on the undersigned's finding that petitioner failed to seek timely direct review of his claims in the Louisiana Supreme Court within thirty days of the Third Circuit's February 2, 2000 decision on direct appeal as required by Louisiana Supreme Court Rule X, § 5(a). Thus, petitioner's judgment of conviction became final by the expiration of time for seeking timely further direct review in the Louisiana Supreme Court on March 3, 2000.

The undersigned alternatively recommended dismissal of all of petitioner's claims on grounds that the claims were procedurally defaulted. Specifically, the undersigned

found that petitioner's first, second and third claims for relief (that there was insufficient evidence to support his convictions, that his sentences were excessive and that the trial court improperly denied a mistrial based on erroneous use of "other crimes" evidence) were "technically" procedurally defaulted because petitioner had not properly exhausted those claims in the Louisiana Supreme Court on direct appeal, and that petitioner's fourth and fifth claims for relief (that petitioner received ineffective assistance of trial counsel and that his counsel had a conflict of interest) were "traditionally" procedurally defaulted because the Louisiana Supreme Court declined to review the merits of these claims in post-conviction proceedings, citing Louisiana Code of Criminal Procedure article 930.8.[7] [rec. doc. 21].

Petitioner filed a timely objection to the Report and Recommendation, attaching correspondence from the Louisiana Supreme Court which establishes that petitioner's application for writs in the Louisiana Supreme Court on direct appeal was timely filed. [rec. doc. 22]. Accordingly, Judge Melancon vacated the undersigned's Report and Recommendation and remanded the matter to the undersigned for reconsideration in light of the evidence presented. [rec. doc. 23].

This Report and Recommendation follows.

## **LAW AND ANALYSIS**

In light of the evidence submitted by petitioner in his objection to this court, the undersigned's November 12, 2008 analysis regarding the timeliness of the instant petition

---

[7] Article 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief. The two-year period is determined from the date of finality of the judgment of conviction and sentence.

cannot stand.

Moreover, the undersigned's determination that petitioner's first, second and third claims for relief (that there was insufficient evidence to support his convictions, that his sentences were excessive and that the trial court improperly denied a mistrial based on erroneous use of "other crimes" evidence) are "technically" procedurally defaulted, based upon the undersigned's erroneous finding that these claims had not been timely presented to the Louisiana Supreme Court on direct appeal, likewise cannot stand.

However, for the reasons set forth below, the evidence presented by petitioner in his objection to this court does not affect the undersigned's recommendation that petitioner's fourth and fifth claims for relief (that petitioner received ineffective assistance of counsel and that his counsel had a conflict of interest) be denied and dismissed because these claims are "traditionally" procedurally defaulted.

**"Traditional" Procedural Default**

The record clearly demonstrates that petitioner's fourth and fifth claims for relief, that petitioner received ineffective assistance of counsel and that his counsel had a conflict of interest, are "traditionally" procedurally defaulted. These claims were raised in post-conviction proceedings, not on direct appeal. However, the Louisiana Supreme Court declined to review the merits of these claims in post-conviction proceedings finding that petitioner's post-conviction application had been untimely filed, expressly citing

Louisiana Code of Criminal Procedure article 930.8 as the basis for its decision.[8]

The traditional procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In post-conviction proceedings, the Louisiana Supreme Court clearly and expressly relied on Article 930.8 to deny petitioner relief, and did not consider the merits of petitioner's claims. *State of Louisiana v. Martin Luther Texada*, 2006-0955 (La. 11/22/2006), 942 So.2d 546; [doc. 20-4, p. 35].

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. In such circumstances, the federal courts may look beyond the procedural default only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002).

---

[8]Article 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief. The two-year period is determined from the date of finality of the judgment of conviction and sentence.

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) *citing Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified in this case by the Louisiana Supreme Court, Louisiana Code of Criminal Procedure article 930.8, satisfies both requirements. Review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke article 930.8 to decline review of untimely filed post-conviction pleadings. Moreover, the last reasoned judgment of the state court, that of the Louisiana Supreme Court, specifically relied on article 930.8 when it declined review of the merits of petitioner's claims. Finally, the Fifth Circuit has held that article 930.8 is an adequate and independent bar to federal *habeas* review. *Glover v. Cain,* 128 F.3d 900 (5th Cir. 1997).

When the procedural rule has been shown to be both adequate and independent, this court may refuse to review the merits of defaulted claims unless the petitioner demonstrates cause and prejudice for his default or that a complete miscarriage of justice will result if the merits of the claims are not considered. *Sykes*, 433 U.S. at 87-88.

In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted).

Petitioner has been given an opportunity to demonstrate cause and prejudice for his default.[9] [rec. doc. 19]. However, petitioner has failed to set forth any reason which could arguably constitute cause for his default during post-conviction proceedings. [rec. doc. 20]. Petitioner provides a multitude of reasons why his September 20, 2000 writ application to the Louisiana Supreme Court on direct appeal should be considered timely filed.[10] However, he provides no evidence or argument as to why this court may excuse his failure to timely file his application for post conviction relief in the Louisiana state courts within the two year limitation provided by Louisiana state law for filing such applications.

---

[9]The undersigned directed petitioner to submit a response "setting forth allegations which demonstrate that federal *habeas* review of [his] claims is not barred by the procedural default doctrine, e.g., facts demonstrating "cause and prejudice," a miscarriage of justice (actual innocence), or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. [rec. doc. 19]. Moreover, petitioner was provided an additional opportunity to object to the undersigned's findings and conclusions contained in the January 13, 2009 Report and Recommendation. [rec. doc. 21, pg. 19].

[10]Petitioner notes problems that he experienced attempting to obtain copies of his Louisiana Supreme Court writ application on direct appeal due to his transfer from the Jaguar Unit to CCR in February 2000, and his subsequent July 2000 request to the Clerk of the Louisiana Supreme Court for an extension of time to file his direct appeal writ application with that court.

To the extent that petitioner argues that the ineffective assistance of his retained post-conviction counsel, Richard A. Spears, constitutes "cause" to overcome his procedural default, that claim is without merit. The Fifth Circuit has repeatedly held that ineffective assistance of state *habeas* or post-conviction counsel cannot serve as cause for a procedural default. *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004) *citing Henderson*, 333 F.3d at 606, *Martinez v. Johnson*, 255 F.3d 229, 239-41 (5th Cir.2001) (and citations therein) and *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir.2001); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254). This is so because a "state prisoner has no constitutional right to an attorney in state post-conviction proceedings and thus cannot claim ineffective assistance of counsel in such proceedings." *Id. citing Martinez*, 255 F.3d at 239 *citing Coleman*, 501 U.S. at 752, 111 S.Ct. 2546) and *Coleman*, 501 U.S. at 757, 111 S.Ct. 2546 ("Because [petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [petitioner's] claims in state court cannot constitute cause to excuse the default in federal *habeas*.").[11] Furthermore, "a state

---

[11]Indeed, the facts of the *Coleman* case are striking similar to those presented in this case. In *Coleman*, the Supreme Court addressed a claim by a federal *habeas* petitioner who was seeking to demonstrate cause to excuse a procedural default that was the result of the ineffective assistance of his state post-conviction counsel. As an original matter, in the state *habeas* trial court, Coleman argued that his first state counsel was ineffective during trial, sentencing, and direct appeal. Under state law, the state *habeas* trial court was the first forum in which Coleman could have raised this ineffective assistance claim. *See id.* at 726-27. The state *habeas* trial court held an evidentiary hearing and rejected the ineffectiveness claims. Coleman's state post-conviction counsel then filed a notice of appeal from the judgment of the state *habeas* trial court three days after the deadline established by state law. Due to this error, the state supreme court dismissed the appeal. Coleman then petitioned the federal courts for relief alleging cause for his default based on his state post-conviction counsel's ineffective assistance in failing to timely appeal the state *habeas* trial court's judgment. *See id.*
   The Supreme Court first reviewed the general circumstances under which an attorney's error can constitute

prisoner may not cite the ineffective assistance of state *habeas* counsel as 'cause' for a procedural default even for 'cases involving constitutional claims that can only be raised for the first time in state post-conviction proceedings.'" *Id. quoting Martinez*, 255 F.3d at 240.[12]

Finally, even if petitioner could claim ineffective assistance of post-conviction counsel as cause for the default of claims four and five herein, before that claim may be used to establish cause to excuse petitioner's procedural default, that specific ineffective assistance of counsel claim generally must have been presented to, and exhausted in, the Louisiana state courts as a separate and distinct claim for relief. *Edwards v. Carpenter*, 529 U.S. 446, 451, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Murray,* 477 U.S. at 489; *Bishop v. Epps*, 265 Fed.Appx. 285, 290-291 (5th Cir. 2008). This was not done in petitioner's case.

---

cause. *See id.* at 752. The Court found that, "[t]here is no constitutional right to an attorney in state postconviction proceedings," and "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id. citing Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Thus, the Court held that Coleman must "bear the risk of attorney error that results in a procedural default." *Id*. at 752-53, 111 S.Ct. 2546.

The Court then considered Coleman's argument that there must be some exception for those cases involving constitutional claims that can only be raised for the first time in state post-conviction proceedings. *See id.* at 755-756. The Court declined to decide whether an exception exists because one state court – the state *habeas* trial court – had addressed Coleman's claim at an evidentiary hearing. Because Coleman had been effectively represented in the state *habeas* evidentiary hearing on his trial ineffectiveness claim, he had received his "one and only appeal", if that is what the state collateral proceeding could be considered. *Id*.

In this case, as in *Coleman*, petitioner's claims were reviewed by the state trial court following a May 31, 2005 evidentiary hearing.

[12]*See* fn. 11, *supra*.

Moreover, because that claim is itself defaulted, the claim can only serve as cause for petitioner's fourth and fifth claims for relief if the petitioner satisfies the cause and prejudice standard with respect to that ineffective assistance claim itself. *Edwards,* 120 S.Ct at 1591; *Bishop, supra*. Petitioner has not made this showing. Thus, this court is precluded from finding that the alleged ineffective assistance of Richard A. Spears constitutes cause for petitioner's default.

If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992); *Matchett*, 380 F.3d at 849. Accordingly, this court will not undertake this analysis.

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649; *Glover,* 128 F.3d at 904; *Ward,* 53 F.3d at 108; *Callins,* 89 F.3d at 213 *quoting McClesky,* 499 U.S. at 495,114 S.Ct. at 1471. To support such an exception, the petitioner must demonstrate that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

In his response to this court's prior order, petitioner argued that alleged constitutional error made his trial fundamentally unfair. [doc. 20-5]. Similarly, in his

objection to the undersigned's most recent recommendation, petitioner conclusorily asserts that an actual prejudice analysis is warranted because of "the circumstances surrounding the criminal offenses with which he was wrongfully convicted." [rec. doc. 22, pg. 3]. This allegation is based on the May 9, 1996 affidavit of an arresting officer indicating that crack cocaine was found in the walls and air vents of a home pursuant to a search warrant. Petitioner asserts that he "was never in possession of these drugs" and that he "was falsely linked to them at his state court trial." [*Id.* at pg. 3, fn. 2 and 9].

However, petitioner has not shown as a factual matter that he is actually innocent of the crimes of which he was convicted and, thus, he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims.[13] Therefore, petitioner cannot avoid procedural default on grounds of actual innocence.

For these reasons;

**IT IS RECOMMENDED** that petitioner's ineffective assistance of trial counsel claims and his claim that his attorney had a conflict of interest (claims 4 and 5 herein) be **DENIED** and **DISMISSED** with prejudice because they are procedurally defaulted.

---

[13]Petitioner's allegations are not of the type or quality demanded by the jurisprudence. *See House v. Bell,* 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) *citing Schlup v. Delo,* 513 U.S. 298, 299, 324-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to show actual innocence a *habeas* petitioner must (1) present new reliable evidence, (whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); (2) that was not presented at trial; and (3) he must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt). Petitioner does not rely on scientific evidence, physical evidence or trustworthy eyewitness testimony. Further, it is apparent that the information and documentation relied on by the petitioner as "new", is not "new." To the contrary, all of the information and documentation relied on was either presented at the trial in one form or another, or was available to the petitioner or his attorney.

**IT IS FURTHER RECOMMENDED** that petitioner's claims that there was insufficient evidence to support his convictions, that his sentence was excessive and that the state court improperly denied a mistrial based on erroneous admission of "other crimes" evidence (claims 1 through 3 herein) remain pending for further review.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, April 14, 2009.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE