UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN LUTHER TEXADA** | **CIVIL ACTION NO. 6:07-0530** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

The undersigned issues the instant Supplemental Report and Recommendation to re-visit whether equitable tolling is warranted, given the United States Supreme Court's June 14, 2010 decision in *Holland v. Florida*, 560 U.S. - - , - - S.Ct. - - , 2010 WL 2346549 (2010).

In *Holland*, the Court held that AEDPA's statutory limitations period set forth in § 2244(d) may be equitably tolled in appropriate cases. *Holland,* 2010 WL 2346549 at *9 and 12.  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 12 (internal quotations and citations omitted).  The decision as to whether to exercise the "court's equity powers . . . must be made on a case-by-case basis." *Id*.

With respect to the first requirement, the Court held that, for equitable tolling purposes, the petitioner must demonstrate "reasonable diligence." *Id*. at 14.  Given Holland's repeated written inquiries to his attorney regarding his case in which he

provided legal guidance, his written correspondence to his attorney, the state courts and their clerks, requesting notice of the status of his state court proceedings, his contact with the Florida State Bar Association in an effort to have his attorney, Collins, removed from his case and his preparation and filing of a *pro se* federal petition the day he discovered that the federal limitation period had run, the court finds that Holland had exercised reasonable diligence. *Id*.

With respect to the second requirement, the Court held that an attorney's failure to satisfy professional standards of care may constitute an "extraordinary circumstance" warranting equitable tolling. *Id*. at 12-13. In so holding, the Court rejected the Eleventh Circuit's standard, that attorney misconduct can never warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" as too rigid. *Id.* at 12. The Court reaffirmed that "a garden variety claim of attorney negligence" or "excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 13 -14 (internal quotations and citations omitted). Rather, the unprofessional conduct must involve "far more serious instances of attorney misconduct." *Id*. at 13.

The Court did not provide specific guidance on what conduct would constitute a "far more serious instance." However, while declining to determine if Holland's case constituted an "extraordinary instance in which petitioner's attorney's conduct constituted far more than garden variety or excusable neglect", the Court suggested that the facts of

2

the case may rise to that level because not only did Holland's attorney miscalculate the date on which the limitations period expired, he did so despite being told the applicable legal rules to properly calculate the deadline by Holland, while ignoring Holland's repeated requests to timely file the petition, and Holland's repeated requests for notice of the date his state court proceeding was ultimately denied by the state supreme court so that the petition would not be late, instead, declining to communicate with, or respond to, petitioner's numerous letters over a period of years.[1]

In the prior Report and Recommendation, with respect to equitable tolling, the undersigned concluded that petitioner's former counsel, "Spears' error in believing that a state court petition for post-conviction relief, filed after the one-year limitation period had run, does not constitute the 'extraordinary circumstance' needed for equitable tolling . . . ." But rather, "Spears' error was one of law and not so 'extraordinary' so as to warrant equitable tolling."

Based on the Supreme Court's decision in *Holland,* the undersigned finds that equitable tolling is warranted in this case. The undersigned finds that exceptional circumstances exist under the rationale set out in *Holland*. Accordingly, the petition filed

---

[1] The Supreme Court noted "Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters." *Id*. at 15.

by petitioner was timely filed.

All other aspects, the undersigned's prior Report and Recommendation are adopted and reaffirmed without further analysis.

For these supplemental reasons and for those previously given in the undersigned's prior Report and Recommendation;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, in Lafayette, Louisiana on June 24, 2010.

4

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE